UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LATANYA BUGGS ) | CASE NO. 24-30330(1)(13) |
| ) | |
| Debtor(s) ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Joint Motion for Annulment of the Automatic Stay filed by Interested Party, Equity Trust Company Custodian FBO IRA #200366745 Frank Miller (hereinafter referred to as "ETC") and Creditor Adair Asset Management (hereinafter referred to as "AAM"). The Court considered the Joint Motion for Annulment of the Automatic Stay filed by ETC and AAM, the Objection to Motion for Miscellaneous Relief filed by the Debtor Latanya Buggs (hereinafter referred to as the "Debtor"), Debtor's Motion for Declaration that the Automatic Stay was in Place from February 13, 2024 through Date to be Determined at a Later Date, Including April 19, 2024; and to Void the Foreclosure Sale that Occurred on April 19, 2024 for 2300 Chestnut St., Louisville, KY 40211, and the Reply Regarding Motion for Annulment of the Automatic Stay filed by ETC, as well as the comments of the attorneys representing the parties at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Motion of ETC and AAM for Annulment of the Automatic Stay and the relief set forth in this Memorandum-Opinion. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

**PROCEDURAL BACKGROUND**

The real property that is the subject of dispute in this case is located at 2300 West Chestnut Street, Louisville, Kentucky (hereinafter referred to as "the Property").

On September 17, 2019, in Court Case No. 18-CI-401105, styled Adair Asset Management, LLC v. Latanya Buggs, et al., in the Jefferson Circuit Court, a Judgment and Order of Sale was entered which directed the Master Commissioner of the Jefferson Circuit Court to sell the Property to the highest and best bidder on the Courthouse steps.

On November 6, 2019, Debtor filed a Petition seeking relief under Chapter 13 of the United States Bankruptcy Code, Case No. 19-33573. On page 2 of the Debtor's Statement of Financial Affairs for Individuals Filing for Bankruptcy, Debtor listed AAM's foreclosure action, Case No. 18-CI-401105, but under the "Status of the Case," section of the form, inexplicably marked the box "Concluded," rather than "Pending." On February 5, 2021, Debtor's bankruptcy case was dismissed due to Debtor's failure to make Plan payments.

On May 14, 2021, Debtor filed her second Chapter 13 case, Case No. 21-31087. That case was dismissed on June 3, 2022, for failure to make Plan payments.

On August 19, 2022, Debtor filed her third Chapter 13 case, Case No. 22-31580. That case was dismissed on October 22, 2023, for failure to make Plan payments.

On February 13, 2024, Debtor filed Case No. 24-30330, her fourth case, which is currently pending before the Court.[1] Due to the dismissal of her previous case four months earlier, pursuant to 11 U.S.C. § 362(c)(3)(A), the automatic stay terminated thirty days after the filing of the case.

---

[1] Debtor was represented by attorney Jason A. Bauman in her first three cases and attorneys Ross Neuhauser and Matthew Owen in her fourth case.

-2-

The Debtor, therefore, moved for, and obtained an Order continuing the automatic stay on March 13, 2024, which was extended again on March 23, 2024. The Court later extended the automatic stay until the confirmation hearing, scheduled for April 23, 2024.

Counsel for Debtor stated that when he filed the Debtor's latest bankruptcy Petition, he checked Debtor's 2022 Chapter 13 case and noted that attorney Greg Taylor was the attorney of record for AAM, a secured creditor of the Debtor, who was owed property taxes on the Debtor's residence. *See* Debtor's Objection to Motion for Miscellaneous Relief. Counsel for Debtor listed AAM on the Debtor's Schedules as follows:

> Adair Asset Management, LLC
> c/o Greg Taylor
> P. O. Box 505
> Morehead, KY 40351

Attorney Greg Taylor's actual address is Murray, KY 42071, not Morehead, Kentucky 40351, as was listed on the Petition.[2]

On February 6, 2024, AAM through its counsel filed a Substitution of Counsel and a Motion to Reschedule the Sale of the Property at 2300 West Chestnut, Louisville, Kentucky. The Notice of Substitution stated:

> Justin H. Ramey
> now of Ramey Law, PLLC
> 705-C South 4th St.
> P. O. Box 749
> Murray, KY 42071

---

[2]Adair Asset Management, LLC's address was properly set forth on Debtor's Petition in Case No. 22-31580 as: Adair Asset Management, LLC, c/o Greg Taylor, 705-A South 4th Street, Murray, KY 42071.

The Notice stated that Ramey was the new counsel of record for AAM and that all "further pleadings, motions, notices or filings should be sent to Ramey Law, PLLC, at said address."

One week later on February 13, 2024, the Debtor filed her current Chapter 13 bankruptcy case. However, the foreclosure action was not listed on Debtor's Petition, nor was the foreclosure action listed on her prior two bankruptcy cases. The only time Debtor listed AAM's foreclosure action against her was on her first bankruptcy Petition filed on November 6, 2019, but incorrectly characterized the action as "concluded," instead of "pending."

On April 19, 2024, the Master Commissioner of the Jefferson Circuit Court conducted a Judicial Sale of the Property. The Debtor did not file any notice of her current bankruptcy filing in the foreclosure action and neither AAM nor ETC were aware of the Debtor's underlying bankruptcy filing.

The sale of the Property was confirmed on May 30, 2024 and an Order of Distribution was entered on June 12, 2024, directing payments to secured creditors.

Notice of Debtor's Chapter 13 Petition was directed to Adair Asset Management, LLC, c/o Greg Taylor, P. O. Box 505, Morehead, Kentucky. However, based upon the Notice of Substitution filed by Justin Ramey, notice should have been sent to Justin H. Ramey, Ramey Law, PLLC, P. O. Box 749, Murray, Kentucky 42071. AAM states it did not have notice of the Debtor's bankruptcy filing until late June 2024 when it received a telephone call from Debtor's counsel.

## **LEGAL ANALYSIS**

The issue before the Court is whether the Court may modify the automatic stay as to AAM, a secured creditor of the Debtor and ETC who purchased the Property at a properly noticed

foreclosure sale, even though the Debtor had a pending Chapter 13 case unknown to the creditor. The Debtor failed to properly notice AAM of her pending Chapter 13 case. Based upon the undisputed facts before the Court, it is clear to the Court that the stay must be annulled as to AAM and ETC since they did not have notice of the stay at the time the foreclosure sale occurred.

Debtor contends that due to "inadvertent error" the wrong address for AAM's counsel was listed on Debtor's current bankruptcy case.[3] Although the Court believes this "inadvertent error" in listing AAM's address is insufficient to excuse the lack of notice to AAM, the evidence is clear that AAM's attorney Justin H. Ramey filed the Substitution of Counsel on February 6, 2024 which clearly set forth AAM's counsel's address. Justin Ramey's Substitution of Counsel also further stated that all "pleadings, motions, notices or filings" were to be sent to Ramey Law at the address provided. The Substitution of Counsel and the Motion to Reschedule the Master Commissioner Sale were filed of record and sent to Debtor's address at the Property she listed on her bankruptcy Petition, 2300 West Chestnut Street, Louisville, Kentucky. This Notice was sent to the Debtor on February 6, 2024. However, only seven (7) days later, Debtor filed the bankruptcy action that is currently before the Court and failed to identify the pending foreclosure action.

The circumstances surrounding the Debtor's latest bankruptcy filing, only one week after the creditor moved to reschedule the foreclosure action, would lead a reasonable person to conclude that

---

[3]Debtor stated, ". . . it appears that AAM has declined to elect to receive electronic notice from the Bankruptcy Notification Center for any bankruptcies filed in which it is a creditor. . . . The error might have been caused by the zip code for another secured creditor, Paul Blair, who indeed has an address in Morehead, KY, to be typed as Mr. Taylor's zip code also. . . . (The bankruptcy preparation software automatically generates the city upon entering the zip code.)" *See* Debtor's Objection to Motion for Miscellaneous Relief, DKT 38.

this was the very reason Debtor filed her latest bankruptcy Petition failing to identify the pending foreclosure action.

The Court, however, need not speculate as to the Debtor's timing of her latest bankruptcy filing. The evidence of record indicates that the creditor served Debtor with notice of its attorney's name and address, as well as a Motion to Reschedule the Master Commissioner Sale prior to Debtor's latest bankruptcy filing. *See* Exhibit A to ETC's Reply regarding Motion for Annulment of the Automatic Stay. This evidence negates any claim by the Debtor that she had no notice of the filing by AAM of the rescheduling of the foreclosure sale of the Property by the Master Commissioner.

In *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905 (6th Cir. 1993), the Sixth Circuit Court of Appeals considered the proper terminology and effect of actions taken by a party in violation of the automatic stay of 11 U.S.C. § 362(a). The court ultimately determined that actions taken in violation of the automatic stay are "voidable" rather than "void." In coming to this conclusion, the court cited to three cases from several circuits where actions taken in violation of the automatic stay were actually voidable rather than void. In each of these cases, *In re Calder*, 907 F.2d 953 (10th Cir. 1990); *In re Matthews*, 739 F.2d 249 (7th Cir. 1984); and *In re Smith Corset Shops*, 696 F.2d 971 (1st Cir. 1982), the courts "acted within its equitable jurisdiction to lift the stay while the bankruptcy proceedings were taking place." *Easley*, 990 F.2d at 910. By recognizing this exception, the courts were viewing the actions taken in violation of the stay as voidable.

In *In re Calder*, the court stated it would be inequitable for the debtor to claim any protections of the automatic stay where the debtor did not provide notice of the pending Chapter 13 proceeding until just before the state court was to enter a final judgment. The debtor cannot use the

automatic stay provision as a 'trump card played after an unfavorable result was reached in state court. . . .' *Id.* 907 F.2d at 956-57.  Similarly, the 6th Circuit also stated, ". . . equity prevented the debtor, who remained 'stealthily silent,' to essentially use section 362 to void the creditor's claim," citing *In re Smith Corset Shops*, 696 F.2d 971, 977 (1st Cir. 1982).

In this case, the evidence of record establishes that the Debtor received notice of the filing by AAM of the rescheduling of the foreclosure sale of the Property.  AAM and ETC would be prejudiced if the Debtor would be allowed to use the automatic stay as a defense in this case.  In other words, "the Debtor is attempting to use the stay unfairly as a shield to avoid an unfavorable result." *In re Easley*, 990 F.2d at 911.  To void the sale now would not only be detrimental to AAM, but it would be prejudicial to ETC, the party who purchased the property at the sale.

Additionally, pursuant to 11 U.S.C. § 549, this Court is not permitted to void the transfer of the Property that occurred at a properly noticed foreclosure sale to a good faith purchaser.  The statute states:

> . . . (c) the trustee may not avoid under subsection (a) of this section a transfer of an interest in real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of an interest in such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such real property, against who applicable law permits such transfer to be perfected, could not acquire an interest that is superior to such interest of such good faith purchaser. . . .

11 U.S.C. § 549(c).

Here, there was no unauthorized transfer of property of the estate.  The fact that the foreclosure sale occurred and involved property of the estate was a direct result of Debtor's failure to notify AAM, of her latest bankruptcy filing.

The Court cannot approve Debtor's request to undo a sales transaction that resulted in an innocent party purchasing the Property who had no notice whatsoever of the Debtor's latest bankruptcy filing. The burden of providing notice to the creditors of Debtor's bankruptcy filing was on Debtor and her counsel. That burden was not met in this case.

Debtor requests a return of the Property and that the Court void ETC's purchase of the Property. However, pursuant to 11 U.S.C. § 550(b),

The trustee may not recover under section (a)(2) of this section from – –

(1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided;

Here, neither AAM or ETC had notice of the Debtor's bankruptcy filing and proceeded, in good faith, with the foreclosure sale. The Debtor's requested relief is simply not available under the facts and circumstances of this case.

Debtor also claims that it should be permitted to proceed with its current Chapter 13 case because the winning bid at the foreclosure sale was only $10,103.56, which is insufficient to pay all secured claims. According to Debtor's counsel, under Debtor's Plan, these same secured creditors will be "paid their full claim with 12% assuming her Plan completes." The problem is that since the foreclosure sale, counsel for ETC, now has a Master Commissioner's Deed on the Property. This occurred after a properly noticed foreclosure sale and purchase by a party who had no notice of the Debtor's latest Chapter 13 filing. That lack of notice was the Debtor's fault, not the Creditor's fault. Furthermore, the Debtor's track record of filing Chapter 13 Petitions, resulting in four dismissals by the Court for failing to make Plan payments, does not engender confidence that creditors will receive timely payments of their claims in this case.

A review of the equities at play in the long history of this case, favors AAM and ETC. This Court, pursuant to *In re Easley*, 990 F.2d 905 (6th Cir. 1993), has the power to annul the stay under 11 U.S.C. § 362(d). "This power to annul 'permits the order to operate retroactively, thus validating actions taken by a party at a time when he was unaware of the stay. Such actions would otherwise be void.'" *Id.* at 909-910, quoting 2 Collier on Bankruptcy §362.07.

The creditors in this case do not have sufficient security in the Property and cancellation of the sale will only increase the creditors' losses in this case. Given the lengthy history of the Debtor's repeated filings and subsequent dismissals due to a failure to make required scheduled Plan payments, the Court determines that it must deny the Debtor's Motion to Void the Judicial Sale and enter the accompanying Order annulling the Automatic Stay.

## **CONCLUSION**

For all of the above reasons, the Court will enter the attached Order annulling the automatic stay and confirming the Master Commissioner's foreclosure sale that occurred on April 19, 2024 and was confirmed on May 30, 2024.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 21, 2024

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LATANYA BUGGS | ) | CASE NO. 24-30330(1)(13) |
| | ) | |
| Debtor(s) | ) | |

## ORDER

This matter having came before the Court on the Joint Motion for Annulment of the Automatic Stay filed by Interested Party, Equity Trust Company Custodian FBO IRA #200366745 Frank Miller ("ETC"), and Creditor Adair Asset Management ("AAM"), and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Joint Motion for Annulment of the Automatic Stay filed by ETC and AAM, be and hereby is, **GRANTED**. The automatic stay of 11 U.S.C. § 362 of the United States Bankruptcy Code is annulled as to ETC and AAM with respect to the Foreclosure Sale of the Property located at 2300 West Chestnut Street, Louisville, KY that occurred on April 19, 2024 and confirmed on May 30, 2024.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 21, 2024